```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                         LEXINGTON DIVISION
```

HAGYARD-DAVIDSON-MCGEE            )
ASSOCIATES, PLLC; et al.,         )
                                  )
    Plaintiffs,                   )       Case No:
                                  )       5:20-cv-00171-JMH
v.                                )
                                  )
FEDERAL INSURANCE COMPANY,        )       **MEMORANDUM OPINION**
et al.                            )       **AND ORDER**
                                  )
    Defendants.                   )

**\*\*\***

This matter is before the Court on Plaintiff's Motion to Remand [DE 13] following removal of the action based on fraudulent joinder [DE 1]. After piercing the pleadings, the Court finds the plaintiff has asserted a colorable claim against the non-diverse defendants. Therefore, allegations of fraudulent joinder have been refuted. The Court will grant the Motion to Remand [DE 13].

### I. FACTUAL AND PROCEDURAL HISTORY

Haygard-Davidson-McGee Associates, PLLC, ("HDM") offers professional equine veterinary services to clients in the Commonwealth of Kentucky. [DE 1-4 at 5, ¶ 16]. HDM was insured under a policy ("the Policy") issued by Federal Insurance Company ("Federal"), which is at the heart of the current dispute. [DE 1-4 at 5, ¶ 17]. The Policy was purchased through John B. Milward and John J. Milward ("the Milward Defendants"), operating as the

Kentucky-based Powell-Walton-Milward and now a division of J. Smith Lanier & Co. (collectively "the Lanier Defendants"). [DE 1-4 at 5, ¶ 18].

On July 21, 2017, a lawsuit, Civil Action No. 17-CI-02646 *Rocky-Mason, DVM, et al v. Haygard-Davidson-McGee, PLLC, et al* ("the Mason Suit"), was filed in Fayette Circuit Court against HDM asserting various claims including breach of contract and intentional misrepresentation. [DE 1-4 at 5-6, ¶ 19]. Claiming the Mason Suit was covered under the Policy [DE 1-4 at 6, ¶ 20), HDM was dissatisfied with Federal's behavior during the course of the Mason Suit [DE 1-4 at 6, ¶ 22] and the minimal amount of money Federal contributed to the ultimate settlement. Because HDM was required to personally contribute "a substantial financial sum" to resolve the Mason Suit, HDM brought the current suit against Defendants in Fayette Circuit Court. [DE 1-4 at 7, ¶ 26].

While the Verified Complaint filed April 23, 2020, ("the Original Complaint") alleges ten different counts [DE 1-4 at 7-16, ¶ 27-87], the only claims asserted against the Lanier Defendants are violation of the Kentucky Consumer Protection Act ("KCPA") and Negligent Misrepresentation. [DE 1-4 at 13-15, ¶ 70-82]. On April 29, 2020, Plaintiffs filed an Amended Complaint, adding more details to the KCPA and Negligent Misrepresentation claims as well as five new claims. [DE 7].

2

However, prior to the Amended Complaint, on April 23, 2020, Federal promptly filed a Notice of Removal in the Eastern District of Kentucky claiming the federal court had original subject matter jurisdiction, under 28 U.S.C. § 1332, because the Milward Defendants were fraudulently joined. While all Plaintiffs are citizens of the Commonwealth of Kentucky, all but the Milward Defendants are citizens of other states. [DE 1-4 at 5, ¶ 12–13]. Federal claims complete diversity exists, nonetheless, because the citizenship of the Milward Defendants must be ignored as they were fraudulently joined in order to defeat diversity jurisdiction.

On May 26, 2020, HDM filed the Motion to Remand. [DE 13]. In support, HDM provided the affidavit of Stuart Brown, II, a partner at HDM. [DE 13-1]. Brown states that in the twenty-years preceding the Mason Suit, HDM brokered insurance coverage through the Milward Defendants and met with them on an annual basis to receive advice and expertise about what was covered under the Policy. [DE 13-1].

At issue is whether the Milward Defendants were fraudulently joined. If the Milward Defendants are found have been joined fraudulently as asserted by Federal then complete diversity exists, making subject matter jurisdiction in this Court proper. However, if the Milward Defendants are found to have been properly joined, then there is not complete diversity, making subject matter

jurisdiction in federal court improper and requiring remand to state court.

## II. STANDARD OF REVIEW

A defendant may remove a civil action to federal court if "the district courts of the United States have original jurisdiction." 28 USCS § 1441(a). A federal court may exercise original jurisdiction when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" parties who are "citizens of different states." 28 U.S.C. §1332(a)(1).

Fraudulent joinder is a "judicially created doctrine that provides an exception to the requirement of complete diversity." *Coyne v. Am. Tobacco Co.*, 183 F. 3d 488, 493 (6th Cir. 1999) (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F. 3d 1284, 1287 (11th Cir. 1998)). While complete diversity is essential, "only the citizenship of properly joined defendants may be considered in determining whether diversity of citizenship exists." *Grubb v. Speedway Superamerica LLC*, 2008 U.S. Dist. LEXIS 124108, *3 (referencing 28 U.S.C. § 1441). Thus, if fraudulent joinder is established, the Court will disregard the citizenship of the party found to be illegitimately joined. *Id.* at *3.

"Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action." *Walker*

4

*v. Philip Morris USA, Inc.*, 443 Fed. Appx. 946, 952 (6th Cir. Oct. 31, 2011) (quoting *Saginaw Housing Comm'n v. Bannum, Inc.*, 576 F. 3d 620, 624 (6th Cir.2009)). If a colorable claim at all exists for predicting that the plaintiffs could prevail in state court against the non-diverse defendant, "this Court *must* remand the action to state court." *Coyne*, 183 F. 3d at 493 (emphasis added).

The burden of proof for fraudulent joinder falls on the defendants. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F. 3d 527, 534 (6th Cir.1999); *Alexander v. Elec. Data Sys. Corp.*, 13 F. 3d 940, 949 (6th Cir. 1994). "The district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non-removing party. All doubts as to the propriety of removal are resolved in favor of remand." *Hicks v. Asplundh Tree Expert Co.*, No. 5:09-CV-410-KSF, 2010 WL 1338071, at *2 (E.D. Ky. Mar. 31, 2010) (quoting *Coyne*, F. 3d at 493).

The Sixth Circuit has consistently held that in examining fraudulent joinder the district court may "pierce the pleadings and conduct a summary inquiry… to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Walker*, 443 Fed. Appx. at 953 (citation omitted). While normally in a motion to remand the "court generally looks to the plaintiff's complaint, as it is stated at the time of removal, and the defendant's notice of removal," the

5

courts employ a different approach in certain situations, specifically if the removal is based on fraudulent joinder of non-diverse defendants. *Walker,* 443 Fed. Appx. at 952 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F. 3d 305, 311-12 (5th Cir. 2002)). For fraudulent joinder inquiries, the court "may employ a summary-judgment-like procedure to examine affidavits and deposition testimony for evidence of fraud." *Id*. Thus, the Court is not limited to reviewing solely the complaint and notice of removal, for the very act of piercing the pleadings allows the Court to consider additional evidence, while resolving all unchallenged and contested factual allegations in the light most favorable to the plaintiff. With the additional evidence to be considered and the favorability given to the plaintiffs, "the burden of persuasion on those who claim fraudulent joinder is a heavy one." *Id.* (citing *Travis v. Irby*, 326 F. 3d 644, 648-49 (5th Cir. 2003)).

Though the test differs from a traditional 12(b)(6) motion, district courts must be careful not to construe a motion to remand as a summary judgement motion. *See Walker, 443 Fed. Appx. at* 955-56. The inquiry into fraudulent joinder "is not intended to provide an opportunity to test the sufficiency of the factual support for a plaintiff's claim, as is done in a Rule 56 motion." *Id.* at 956. District courts are solely to consider "whether Plaintiffs have a colorable claim under Kentucky law" and not inquire further

concerning "whether Plaintiffs had adequate evidentiary support for their claim." *Id.*

### III. DISCUSSION

#### A. THE AMENDED COMPLAINT CANNOT BE UTILIZED BY THE COURT IN RULING ON THE MOTION TO REMAND.

Acknowledging that piercing the pleadings is the proper approach and understanding the application guided by clearly articulated precedent, the Court must first determine, as a threshold manner, "the point at which to test federal jurisdiction." *CPC Livestock, LLC v. Fifth Third Bank, Inc.*, 495 B.R. 332, 339. In other words, the Court must determine whether the Amended Complaint can be considered in the fraudulent joinder analysis because it was filed after Removal.

The court has long held it to be a "fundamental principal of law" that "[t]he existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harper v. AutoAlliance Int'l, Inc.*, 392 F. 3d 195, 210 (6th Cir. 2004) (citing *Long v. Bando Mfg. of Am., Inc.*, 201 F. 3d 754, 758 (6th Cir. 2000)); *CPC Livestock*, 495 B.R. at 340; *Pugh v. AIG Prop. Cas. Co.*, 2019 U.S. Dist. LEXIS 715, *11, 2019 WL 97028; *Jones v. Old Dominion Freight Line, Inc.*, 2018 U.S. Dist. LEXIS 56677, *7, 2018 WL 1602379; *Jackson v. Ford Motor Co.*, 2016 U.S. Dist. LEXIS 7030, *2, 2016 WL 270485 ("When considering the issue of fraudulent joinder, if an amended complaint is filed after

7

removal, the court should still utilize the complaint that was operative at the time of removal."). In this case, since the Amended Complaint was filed after Removal, the Original Complaint is operative. The Court, therefore, will not consider the additional claims brought against the Milward Defendants nor the clarifying facts detailed in the Amended Complaint. Instead, the Court will limit its consideration to the two allegations in the Original Complaint and facts associated therewith. While the Amended Complaint adds much-needed information to the previously bare allegations, the Court nevertheless finds a colorable cause of action after piercing the pleadings.

Even if the Court were to agree that the Original Complaint is insufficient, the Court is not solely limited to the Original Complaint in its fraudulent joinder analysis. As previously discussed, in a case where the plaintiff "has misstated or omitted discrete facts that would determine the propriety of joinder…the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Walker*, 443 Fed. Appx. at 953. Therefore, the Court will take both the Original Complaint and the Affidavit into consideration. *Royer v. Medtronic, Inc.*, No. 3:12-CV-00367-JHM, 2013 WL 252898, at *3 (W.D. Ky. Jan. 23, 2013).

**B. THE KCPA CLAIM**

The KCPA states that "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." KRS § 367.170(1). In order to bring an action for violation of the KCPA, Plaintiffs "must fit within the protected class of persons defined in KRS 367.220." *Skilcraft Sheetmetal, Inc. v. Ky. Mach., Inc.*, 836 S.W. 2d 907, 909 (Ky. Ct. App. 1992). The statute states in relevant part that "[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss ... as a result of the use or employment by another person of a method, act or practice declared unlawful by KRS 367.170, may bring an action ... to recover actual damages." KRS § 367.220(1). Thus, the key qualifier for admission into the protected class able to sue under the statute is that the service be purchased "primarily for personal, family or household purchase." *859 Boutique Fitness, LLC v. CycleBar Franchising, LLC*, 699 F. App'x 457, 460 (6th Cir. 2017) ("Federal district courts addressing this issue have largely held that based on the limitation provided by § 367.220, only a person who purchases or leases goods or services primarily for personal, family, or household purposes may bring an individual private cause of action under the KCPA.").

While the Original Compliant claims Plaintiffs "are within the class of persons and/or entities the KCPA sought to protect" they offer no explanation. Further, in the Motion to Remand, the

9

plaintiffs neglect to include the phrase "primarily for personal, family or household purposes" in their recitation of the statute. More, the Original Complaint and Affidavit are not only void of any facts indicating the Policy was for personal use, but actually state several facts to the contrary. First, the Original Complaint repetitively claims the Policy was acquired for HDM. [*see* DE 1-4 at 5-7, ¶ 15-26]. As HDM is self-identified as "entities and persons involved in the furnishing of professional equine veterinary services to clients" [DE 1-4 at 5, ¶ 16], it seems unlikely the purpose of the insurance for the business entity would be at all related personal, family, or households needs, let alone "primarily" for such purposes. Second, the advisory meeting between the Lanier Defendants and HDM "concerning the various insurers" occurred "at HDM's offices," where HDM conducted their regular business activity, indicating that the insurance purchased was part of such business activity. [DE 13-1 ¶ 6]. Third, the Policy was purchased by HDM. [*Id.*]. If the Policy was purchased for personal use, it seems unlikely HDM would bear the financial burden alone. Fourth, the Policy was entered into by HDM. [*Id.*]. Fifth, and most compelling, liability hinges upon whether the Mason Suit, a case based on employment practices exhibited by HDM, is covered by the Policy. [DE 1-4 at 5-6, ¶ 19].

While ambiguities must be resolved in favor of the plaintiff, there are no uncertainties in this matter. HDM has failed to

10

provide any facts showing the Policy was purchased for personal, family, or household needs, and other facts indicate to the contrary. Therefore, Plaintiffs do not fall into the class of persons protected under the KCPA. Their KCPA claim is barred. As such, the Court finds it unnecessary to address issues raised by Federal regarding the substance of the KCPA claim.

This holding only declares that the KCPA claim is not a colorable claim based on the Court's narrow perspective limited by the facts in the Original Complaint. This decision is not meant to definitively bar the KCPA claim in further litigation as additional disclosures and facts may indicate the KCPA claim is fruitful. However, at this stage, as previously explained, the Court is confined to certain pleadings.

### C. THE NEGLIGENT MISREPRESENTATION CLAIM

While the KCPA claim must fail, HDM has nonetheless asserted a colorable claim against the Milward Defendants through negligent misrepresentation. Kentucky courts have adopted the Restatement (Second) of Torts § 552's standards for negligent misrepresentation. A party who "supplies false information for the guidance of others in their business transactions" is liable "for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."

11

*Presnell Constr. Managers, Inc. v. EH Constr., LLC*, 134 S.W.3d 575, 580 (Ky. 2004).

The parties disagree about what pleading standard the Court must employ. While Federal asserts that negligent misrepresentation claims are subject to a heightened pleading standard and must be plead with particularity, the plaintiffs claim a more lenient pleading standard is applicable under Kentucky law. In relevant notes of decision federal courts have held that on motions to remand concerning fraudulent joinder, Kentucky's pleading standard, rather than the stricter federal standard, is to be used for determining whether a colorable claim has been asserted. *Combs v. ICG Hazard, LLC*, 934 F.Supp. 2d 915, 923 *(*E.D. Ky. 2013); *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 JMF, 2015 WL 3776385, at *2 (S.D.N.Y. June 17, 2015). As a practical matter, it would "make little sense" to apply federal pleading standards because the test for fraudulent joinder is whether "a reasonable basis exists for predicting that the plaintiff's claims against the non-diverse defendant could succeed under *state* law." *In re Darvocet, Darvon & Propoxyphene Prod. Liab. Litig.*, 889 F. Supp. 2d 931, 940 (E.D. Ky. 2012) (referencing *Coyne*, 183 F.3d at 493); *Kuperstein v. Hoffman–La Roche, Inc.*, 457 F. Supp. 2d 467, 471–72 (S.D.N.Y.2006) ("Because the purpose of fraudulent joinder analysis is to determine whether a state court might permit a plaintiff to proceed with his claims, I will refer

to the state pleading standards as they have been applied by state courts to similar claims."). The cases relied upon by Federal in their Response to the Motion to Remand do not involve fraudulent joinder. There is, therefore, no direct authority for holding that a heightened pleading standard is necessary for fraudulent joinder. Further, even if the Court decided Kentucky law on the matter is unsettled, this Court must resolve all ambiguities of state law in favor of the plaintiffs. *Coyne*, 183 F. 3d at 493.

In a similar case, actually involving both negligent misrepresentation and fraudulent joinder, the court clarified and reiterated that the "[t]he relevant inquiry is whether there is a colorable basis for predicting that a plaintiff may recover against a defendant." *Royer v. Medtronic, Inc.*, No. 3:12-CV-00367-JHM, 2013 U.S. Dist. LEXIS 9346, at *7 (W.D. Ky. Jan. 22, 2013) (citing *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012)). While the court initially found the complaint to be "lacking," the court still held no fraudulent joinder existed after piercing the pleadings to review the affidavit. "Given that the defendant bears a heavy burden to prove fraudulent joinder, there are allegations and facts suggesting that there is arguably a reasonable basis for predicting that the state law might impose liability on Defendant." *Id.* at *11. The court does not discuss whether a heightened pleading standard was proper, but rather identifies the proper inquiry to be whether there is "arguably a

13

reasonable basis" to believe the defendant "might" be guilty under state law. The nuances of what pleading standard was applicable was inconsequential to this straightforward and lenient inquiry.

Other courts have similarly suggested that what pleading standard applies is not the determinative factor in a fraudulent joinder case. In 2013, this district reiterated that courts "must apply a 'more lenient' standard to the complaint when considering a motion remand and allegations of fraudulent joinder." *Williams v. Altman*, No. 12-131-ART, 2013 U.S. Dist. LEXIS 281, at *8 (E.D. Ky. Jan. 2, 2013). Even if the plaintiff's claim is "not as artfully pleaded as the defendant would like," the court will not fault the plaintiff "for failing to meet an inapplicable, stricter pleading standard [which] does not affect whether she has laid out a colorable basis for recovery." *Id.* at *7-8 (referencing *Coyne*, 183 F.3d at 493). The question for the Court to decide at this phase of litigation is not the likelihood of success on the claim, but whether there is "at least a colorable cause of action" against the Milward Defendants. Therefore, the more lenient Kentucky standard applies.

Kentucky Rules of Civil Procedure require a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Ky. R. Civ. P. 8.01. Kentucky applies the more lenient notice pleading approach, in which "a

14

complaint will not be dismissed for failure to state a claim unless it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim." *Pierson Trapp Co. v. Peak*, 340 S.W. 2d 456, 460 (Ky. 1960); *see Williams*, 2013 U.S. Dist. LEXIS 281, at *7 (citing *Fox v. Grayson*, 317 S.W. 3d 1, 7 (Ky. 2010)).

According to the Original Complaint, the Milward Defendants made statements about the scope of coverage offered under the Policy to induce HDM to purchase the Policy, HDM relied upon those assertions, and the coverage position of Federal in the Mason Suit was contrary to the claims made by the Milward Defendants. [DE 1-4 at 15 ¶ 78-80]. The Affidavit claims that during the course of their twenty-year relationship, the Milward Defendants answered specific questions about policy coverage and advised HDM on an annual basis. [DE 13-1 ¶ 7]. Regarding the Policy, Brown further states that the Milward Defendants made affirmative representations that the Policy provided full and complete coverage, including umbrella coverage for employment practice claims, and never informed HDM that it did not cover such claims. Based upon the statements of the Milward Defendants, HDM purchased the Policy. During the course of the Mason Suit, Brown states it became clear that the Policy did not provide the coverage represented by the Milward Defendants in their annual meetings

15

requiring HDM to personally contribute a subsutural financial sum to resolve the claims. [DE 13-1 ¶ 14-15].

While the Original Complaint and Affidavit do not contain lengthy or detailed facts related to the ordeal, Kentucky law makes it clear that such specificity is not remotely required. Instead, the claims must not be "so frivolous that it has no hope of success." *Murriel-Don Coal Co., Inc. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 594 (E.D. Ky. 2011) (citing *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009)). Therefore, upon piercing the pleadings and construing all facts in favor of HDM, this Court finds there are allegations and facts supplying a reasonable basis for concluding that state law might impose liability on the Milward Defendants. A colorable cause of action has been established against the non-diverse defendants, precluding claims of fraudulent joinder.

## IV. CONCLUSION

Concluding there is no fraudulent joinder and acknowledging the undisputed fact that John B. Milward and John J. Milward are not diverse, jurisdiction in this Court is not proper under § 1332. *Coyne*, 183 F.3d at 492. Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [DE 13] is **GRANTED**. Because of the remand, both Motions to Dismiss filed by Federal [DE 9 and DE 10]

16

as well as the Motion to Strike [DE 20] are **DENIED AS MOOT.** The case is remanded to the Fayette Circuit Court.

This the 9th day of September, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge